ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| JEREMY J. MEDINA DOMINICCI, Recurrida, v. NAHIOMI I. COLÓN TORRES, Peticionaria. | TA2026CE00706 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce. Civil núm.: PO2024RF00005. Sobre: custodia monoparental/ compartida. |
| --- | --- | --- |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de junio de 2026.

El 3 de junio de 2026, la parte peticionaria, señora Nahiomi I. Colón Torres (señora Colón), instó este recurso con el fin de que este Tribunal expida el auto discrecional de *certiorari* y revoque la orden dictada por el foro primario el 21 de abril de 2026, que dispuso, a solicitud del recurrido, para la entrega a este de las tarjetas de los planes médicos del menor habido entre las partes litigantes[1]. En síntesis, la señora Colón plantea que tal orden es errada y está basada en información tergiversada e incorrecta aportada por la parte recurrida, además de haber sido emitida sin esperar por su postura[2].

Evaluado el recurso y el expediente electrónico del caso ante el foro primario, este Tribunal prescinde de la comparecencia del recurrido[3], señor Jeremy J. Medina Dominicci, y deniega la expedición del auto.

---

[1] Para el trasfondo procesal del caso ante el foro primario, nos remitimos a la *Sentencia* dictada por este Tribunal de Apelaciones el **7 de mayo de 2026**, en el recurso TA2026CE00478.

[2] La señora Colón aduce que esta actuación del tribunal responde a un patrón reiterado de no permitirle aclarar u oponerse oportunamente a las mociones del recurrido, lo cual, plantea, la ubica en un supuesto estado de indefensión. Este argumento esbozado por la peticionaria resulta impertinente en esta etapa, pues en este recurso no se impugna la conducta del juez que atiende el caso.

[3] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el

En primer lugar, el recurso no cumple con los criterios de la Regla 52.1 de Procedimiento Civil[4], 32 LPRA Ap. V. Tampoco satisface los requisitos de la Regla 40 del Reglamento de este Tribunal; es decir, la parte peticionaria no pudo establecer que el foro primario hubiera incurrido en un error que justifique nuestra intervención. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Por tanto, **denegamos la expedición del auto de *certiorari*.**

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).

[4] Si bien el caso ante el foro primario trata de un "asunto de relaciones de familia", la orden que se pretende revisar nada tiene que ver con el mejor bienestar del menor o con temas sensitivos de derecho de familia.